UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE TRENT, as Executrix of the Estate of FRANK TRENT, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>WELTMAN, WEINBERG & REIS CO., LPA,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   NATALIE TRENT
   17 Hollywood Avenue
   Fairfield, New Jersey 07004

   WELTMAN, WEINBERG & REIS CO., LPA
   965 Keynote Circle
   Brooklyn Heights, Ohio 44131

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, WELTMAN, WEINBERG & REIS CO., LPA ("WWR") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. WWR maintains a location at 965 Keynote Circle, Brooklyn Heights, Ohio 44131.

8. WWR uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. WWR is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Classes are initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from WWR, which included the alleged conduct and practices described herein.
>
> The class definitions may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to October 8, 2021, FRANK TRENT allegedly incurred a financial obligation to DISCOVER BANK ("DISCOVER").

19. The DISCOVER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. FRANK TRENT incurred the DISCOVER obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The DISCOVER obligation did not arise out of a transaction that was for non-personal use.

22. The DISCOVER obligation did not arise out of a transaction that was for business use.

23. The DISCOVER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. DISCOVER is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. FRANK TRENT passed away prior to August 12, 2021.

26. The Essex Surrogates Court of the State - issued Letters of Testamentary to Plaintiff on August 12, 2021.

27. At some time prior to October 8, 2021, DISCOVER or an intermediary entity referred the DISCOVER obligation to WWR for the purpose of collection.

28. At the time the DISCOVER obligation was allegedly referred to WWR, the DISCOVER obligation was in default.

29. Defendants caused to be delivered to Plaintiff a letter dated October 8, 2021, which was addressed to The Estate of FRANK TRENT – Maneri Law Firm. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The October 8, 2021 letter was sent in connection with the collection of the DISCOVER obligation.

31. The October 8, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The October 8, 2021 letter was the initial written communication sent by Defendant.

33. Upon receipt, Plaintiff read the October 8, 2021 letter.

34. The October 8, 2021 letter provides the following information regarding the balance claimed due on the DISCOVER obligation:

Balance Due as of October 8, 2021:  $2,487.24

35. The October 8, 2021 letter stated in part:

> The above referenced account has been placed with us to collect the outstanding balance due owed by the decedent's estate to the current creditor referenced above. We have been advised that you have the authority to address this matter with available assets from the decedent's estate.
>
> You are not personally liable for the account. We are seeking payment from the assets of the decedent's estate. You are not required to use your own assets or assets you owned jointly with the decedent to pay this debt. At this time we ask that you please advise our office as to the intentions of the estate with regard to the satisfaction of the decedent's outstanding debts. If not already provided, it would be appreciated if you would contact our office and advise us as to whether an Estate has been or will be filed and if so, the information pertaining thereto. Please also furnish this office a copy of the decedent's death certificate to the address or fax number at the top of this letter, if not previously provided.

36. In addition, the October 8, 2021 letter stated in part:

> It has been determined that some or all of the charges on the above referenced account were made on the account after the decedent's date of death. Charges made after the date of death are the responsibility of the individual who made the purchases. It is important that we hear from you with the identity of the individual who made use of the account after the date of death.

37. Defendant's statement that it is important that Plaintiff provide "the identity of the individual who made use of the account after the date of death" is false and misleading.

38. There is no requirement that Plaintiff do so. Further, Defendant's statement runs afoul of the protections afforded Plaintff by 15 U.S.C. § 1692e(11).

39. Defendant knew at the time it sent the October 8, 2021 letter that the Estate did owe the amount of $2,487.24, as stated in the letter as the Balance Due.

40. The disclosure of the amount of the debt is required by 15 U.S.C. § 1692g(a)(1) of the FDCPA.

41. Defendant knew at the time it sent the October 8, 2021 letter that some portion of the $2,487.24 was owed by someone other than the Estate.

42. The least sophisticated consumer upon reading the October 8, 2021 letter be left unsure of the amount of the debt owed by the estate.

43. The October 8, 2021 letter also stated in part:

> Federal law requires us to advise you of the following information:
> This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

44. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

45. A debt collector has the obligation not just to convey the amount of the debt, but also to convey the amount of the debt clearly, effectively and accurately.

46. Defendant advised Plaintiff that the amount of debt was $2,487.24, while also advising Plaintiff that some portion of the charges were not owed by the Estate.

47. Plaintiff and others similarly situated are left confused about the amount actually owed to the creditor.

48. At the bottom of the October 8, 2021 letter, it stated in part:

> Electronic check conversion: Paying by check authorizes Weltman
> to use the information on your check to make a one-time electronic

> fund transfer from your account, or to process the payment as a check transaction. Funds may be withdrawn from your account as soon as your payment is received. Your original check will be destroyed once processed.

49. The least sophisticated consumer would reasonably infer that in making this statement Defendant is reserving the right to process any check on the date of receipt as an "electronic fund transfer" irrespective of whether the check was postdated.

50. The least sophisticated consumer would reasonably understand that a check processed as an "electronic fund transfer" may therefore occur as soon as the date that Defendant receives the check, irrespective of postdating. Indeed, many banks routinely charge against the account of a customer a check that is otherwise payable but for the payment occurring prior to the date of the check.

51. The FDCPA, however, expressly prohibits "depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument. 15 U.S.C. §1692f(4).

52. WWR knew or should have known that its actions violated the FDCPA.

53. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b)    Using unfair or unconscionable means to collect or attempt to collect any debt;

    (c)    Making a false representation of the character or amount of the debt; and

    (d)    Failing to effectively convey the amount of the debt.

55. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

56. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

59. Defendants' letter would lead the least sophisticated consumer to be confused about the amount of the debt due to the creditor.

60. As described herein, Defendants' attempt to collect the alleged debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(3); § 1692e(5); § 1692e(10); § 1692e(11); §1692f(4); and § 1692g(a)(1).

61. Defendants' failure to effectively convey the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § §1692e(10); and § 1692g(a)(1).

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

64. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

65. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

66. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

68. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take an action that cannot legally be taken or that is not intended to be taken.

69. Defendant's threat to deposit any payment made by check as soon as the same day that the check is received, even if the check is postdated, cannot be taken under the FDCPA.

70. Alternatively, Defendant did not intend to deposit a postdated check as soon as the same day that the check is received.

71. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

74. As described herein, Defendants violated 15 U.S.C. § 1692f et seq. by using unfair or unconscionable means to collect or attempt to collect the debt.

75. 15 U.S.C. § 1692f(4) prohibits a debt collector from depositing or threatening to deposit any postdated check or other postdated instrument prior to the date on such check or instrument.

76. Defendant violated 15 U.S.C. § 1692f(4) by threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

77. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

78. As described herein, Defendants violated 15 U.S.C. § 1692g(a)(1).

79. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 9, 2021

                                                  Respectfully submitted,

By:   *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 9, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A

# Weltman, Weinberg & Reis Co., LPA

965 Keynote Circle Brooklyn Heights, OH 44131
216-290-4662 | 877-207-1240 | TTY – 711
216-335-5280 (fax)
MON-FRI 8:00 AM - 4:45 PM EST

October 8, 2021

Estate Of FRANK J TRENT
MANERI LAW FIRM, ESQUIRE
30 TWO BRIDGES RD STE 260
FAIRFIELD NJ 07004-1558

Re:  Current Creditor: DISCOVER BANK
     Account Number: XXXXXXXXXXX6388
     Weltman File Number: ▓▓▓▓▓▓
     Balance Due as of October 8, 2021: $2,487.24

Dear Personal Representative of the Estate:

Our office was recently advised of the passing of the above referenced decedent. Please accept our condolences during this difficult time. The above referenced account has been placed with us to collect the outstanding balance due owed by the decedent's estate to the current creditor referenced above. We have been advised that you have the authority to address this matter with available assets from the decedent's estate.

You are not personally liable for the account. We are seeking payment from the assets of the decedent's estate. You are not required to use your own assets or assets you owned jointly with the decedent to pay this debt. At this time we ask that you please advise our office as to the intentions of the estate with regard to the satisfaction of the decedent's outstanding debts. If not already provided, it would be appreciated if you would contact our office and advise us as to whether an Estate has been or will be filed and if so, the information pertaining thereto. Please also furnish to this office a copy of the decedent's death certificate to the address or fax number at the top of this letter, if not previously provided.

It has been determined that some or all of the charges on the above referenced account were made on the account after the decedent's date of death. Charges made after the date of death are the responsibility of the individual who made the purchases. It is important that we hear from you with the identity of the individual who made use of the account after the date of death.

The following toll-free number is available for your convenience: 877-207-1240. Your attention to this matter is greatly appreciated.

Sincerely,

Weltman, Weinberg, & Reis Co., L.P.A.

Federal law requires us to advise you of the following information:
This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and a copy of such verification or judgment will be mailed to you. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

648CSWELT03642ESDISC

---



965 Keynote Circle
Brooklyn Heights, OH 44131
RETURN SERVICE REQUESTED

October 8, 2021

ESTATE OF FRANK J TRENT
MANERI LAW FIRM, ESQUIRE
30 TWO BRIDGES RD STE 260
FAIRFIELD NJ 07004-1558

Weltman File Number: ▓▓▓▓▓▓
Balance Due as of October 8, 2021: $2,487.24

Electronic check conversion: Paying by check authorizes Weltman to use the information on your check to make a one-time electronic fund transfer from your account. Funds may be withdrawn from your account as soon as your payment is received. Your original check will be destroyed once processed.

642ESDISC/32509464/495723